■ MARIANO VITALI et al., Respondents, v METROPOLITAN LIFE INSURANCE COMPANY, Appellant, and TORONITA CORPORATION et al., Respondents. METROPOLITAN LIFE INSURANCE COMPANY, Third-Party Plaintiff-Appellant, v NATIONAL CLEANING CONTRACTORS, Third-Party Defendant-Respondent. TORONITA CORPORATION, Second Third-Party Plaintiff-Respondent, v NATIONAL CLEANING CONTRACTORS, Second Third-Party Defendant. I.D.C. SYSTEMS, INC., Third Third-Party Plaintiff-Respondent, v NATIONAL CLEANING CONTRACTORS, INC., Third Third-Party Defendant. [621 NYS2d 560] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered April 20, 1994, which denied defendant Metropolitan Life's motion for summary judgment, unanimously affirmed, without costs.

Contrary to defendant's contention, plaintiffs' assertions do not implicate solely a strict products liability theory, but raise triable questions of fact with respect to Metropolitan's liability under common law negligence principles and Labor Law § 200 *et seq.* For instance, in view of the fact that an operator's manual accompanying the trash compactor purchased by Metropolitan contained specific warnings, there are questions of fact concerning Metropolitan's knowledge of the dangers involved in operating the machine and its duty to guard against such dangers. In addition, there are triable issues of fact regarding plaintiff's knowledge of the dangers in operating the garbage compactor. Concur—Rosenberger, J. P., Asch, Rubin and Nardelli, JJ.